# WEITZMAN LAW OFFICES, L.L.C.

110 WALL STREET, 11th FLOOR
NEW YORK, NY 10005-3817
Telephone (212) 248-5200
Facsimile (212) 248-0900
E-mail weitzman@wlollc.com

September 21, 2010

Hon. Robert W. Sweet
United States District Judge
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

          Re.: Cohen et al v. Tirman et al
          Docket No.: 09 CV 4003 (RWS)
          Our File No.: 08-0009

Dear Judge Sweet:

      We are in receipt of Tracy Richelle High's letter to this Court dated September 20, 2010 on behalf of Financial Institution Defendants. This is in response to same.

      At the onset, Ms. High's letter should be disregarded in its entirety as the financial institutions that Ms. High corresponds on behalf of are not parties to this action owing to the Order of this Court dated July 1, 2010, dismissing action only as to the moving Financial Institutions. Even assuming arguendo, said letter should still be left out of account for the following reasons:

      Ms. High states that the letter dated is on behalf of all Financial institutions. However, she fails to note that the Financial institutions who were parties to this action are either in default of pleadings (The Bank of New York Mellon, Corp.) or the foregoing action has been dismissed as to the moving Financial Institution Defendants.

      Ms. High in said letter cites FRCP 26(d) and states that "Federal Rule of Civil Procedure 26 prohibits a party from seeking discovery "from any source" prior to conferral between the parties to the litigation." This is a cherrypicked proposition from said rule. Said rule when read in whole implies otherwise. FRCP 26(d) provides "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), **except** in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by **court order**." Plaintiff has been diligently working to obtain such Order from the Court since April, 2009 as evidenced by numerous correspondences between the Plaintiffs, NYSE Attorney as well as the Defendants to this action. In fact said Subpoena was issued upon

# WEITZMAN LAW OFFICES, L.L.C.

110 WALL STREET, 11th FLOOR
NEW YORK, NY 10005-3817
Telephone (212) 248-5200
Facsimile (212) 248-0900
E-mail weitzman@wlollc.com

NYSE pursuant to FRCP 26(d)(1).

15 U.S.C. § 77z- 1(b)(1) is applicable only during the pendency of a motion to Dismissal. In the foregoing action, an Order was entered regarding the Motion to Dismiss on July 1, 2010, as stated in Plaintiffs' letter to this Court dated September 3, 2010. Said Motion is no longer pending and hence the reference to 15 U.S.C. § 77z- 1(b)(1), irrelevant. Additionally, it is important to note here that the subject action was dismissed only to the moving Financial Institution Defendants and not against Defendants The Bank of New York Mellon, Corp. and Geoffrey Tirman.

Financial Institutions' interest in the foregoing relief sought by Plaintiff is suspect. It is evident that these institutions and NYSE work in collaboration and profit from said conduct.

Plaintiffs object to Mr. High's reference to plaintiffs' foregoing request from this Court as "fishing expedition". Since, the issuance of Subpoena to NYSE, Plaintiffs have strived to not cause any undue burden to NYSE in producing requested documents. To this effect the data of the threshold list was attached to the Subpoena. As evident from above the requested information is clearly not "extremely broad" and not "inaccessible" as said records are maintained pursuant to Regulation SHO 17 CFR § 242.100 – 612. These records are not privileged nor do they contain proprietary and/or confidential information.

The determination of setting the time frame for granting leave to replead within a specified time period, is the province of this Court and not Defendants' Attorney's. Defendants' Attorney by arbitrarily setting "a deadline of October 4, 2010 for plaintiffs to amend their complaint" is usurping Your Honor's role.

Plaintiffs in the within action do not request an amendment to the pleadings but are merely following this Court's directions to state claims upon which the relief requested in the Complaint be granted. Ms. High has made no showing of any prejudice that may be caused to Financial Institutions if the requested information is disclosed.

In light of the foregoing, Plaintiffs request that this court Order NYSE Euronext to comply with the subject Subpoena.

Thank you for your courtesy in this matter.

Respectfully submitted,

# WEITZMAN LAW OFFICES, L.L.C.

110 WALL STREET, 11th FLOOR
NEW YORK, NY 10005-3817
Telephone (212) 248-5200
Facsimile (212) 248-0900
E-mail weitzman@wlollc.com

RAPHAEL WEITZMAN

RW/us

Cc:
Robert F. Wise, Jr.
William J. Fenrich
DAVIS POLK & WARDWELL LLP (via email)

Andrew J. Frackman
Brendan J. Dowd
Benjamin D. Petrosky
O'MELVENY & MYERS LLP (via email)

Stephen L. Ratner
Brian L. Friedman
PROSKAUER ROSE LLP (via email)

Richard H. Klapper
Richard C. Pepperman, II
Tracy Richelle High
SULLIVAN & CROMWELL LLP (via email)

Robert B. McCaw
Fraser L. Hunter, Jr.
Brad E. Konstandt
WILMERHALE (via email)

Gregory A. Markel
Martin L. Seidel
Peter J. Isajiw
CADWALADER, WICKERSHAM & TAFT, LLP (via email)

Andrew B. Clubok
Jeffrey G. Landis
Beth A. Williams

# WEITZMAN LAW OFFICES, L.L.C.

110 WALL STREET, 11th FLOOR
NEW YORK, NY 10005-3817
Telephone (212) 248-5200
Facsimile (212) 248-0900
E-mail weitzman@wlollc.com

Daniel J. Gomez
KIRKLAND & ELLIS LLP (via email)

Geoffrey Tirman
5444 Westheimer Suite 1570
Houston, Texas 77056

The Bank Of New York Mellon, Corp.
Attn General Counsel
One Wall Street

New York, NY 10286

Douglas W. Henkin
MILBANK, TWEED, HADLEY & McCLOY LLP (via email)