# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

*[Handwritten annotations: Motion granted, no opposition, conveyed... / Leaf of motion returnable 11/17 / ...]*

November 8, 2010

*[Stamp: RECEIVED NOV 0 9 2010 JUDGE SWEET CHAMBERS]*



By Hand

The Honorable Robert W. Sweet,
　United States District Judge,
　　Daniel Patrick Moynihan United States Courthouse,
　　500 Pearl Street, Room 2510,
　　New York, NY 10007.

　　　　　Re:　*Cohen et al. v. Stevanovich et al.*, Case No. 09-CV-4003 (RWS)

Dear Judge Sweet:

　　　　　We represent The Goldman Sachs Group, Inc. and write on behalf of all named Defendants in the above-referenced action, except Steve Stevanovich and Geoffrey Tirman.[1]  In its memorandum opinion and order filed July 1, 2010, the Court dismissed the Amended Complaint in the above-captioned case, but granted Plaintiffs leave to replead.

　　　　　The parties subsequently appeared before Your Honor on September 29, 2010 regarding Plaintiffs' renewed request that the Court compel NYSE Euronext to comply with a subpoena *duces tecum* that the Court had previously vacated.  Plaintiffs belatedly sought to enforce the defective subpoena to "assist Plaintiffs in re-pleading the complaint."  (*See* Letter from Raphael Weitzman to Judge Robert W. Sweet, dated September 3, 2010.)  The Court allowed Plaintiffs to re-issue the subpoena, and set a 30-day deadline for the filing of a second amended complaint.  (*See* Letter from Raphael Weitzman to Judge Robert W. Sweet, dated September 3, 2010, and endorsed by Judge Sweet on September 29, 2010.)  NYSE Euronext's counsel, Douglas W. Henkin, has advised us that Plaintiffs have not served any reissued subpoena on NYSE Euronext.  Plaintiffs also failed to replead within the time permitted, which has now expired.  As we pointed out in our September 20, 2010 letter to the Court, Plaintiffs have had ample

---

[1]　The action against Stevanovich was voluntarily dismissed by Plaintiffs.  Tirman has never entered an appearance, and the case docket does not contain any return of service as to him.

The Honorable Robert W. Sweet                                                                       -2-

time—now more than four months—to replead their complaint. We respectfully submit that the action should now be dismissed with prejudice as to all Defendants.

   Although the Court's July 1, 2010 Opinion dismissed the Amended Complaint in its entirety, Plaintiffs have argued—without legal support—that the action was still pending as to Bank of New York Mellon Corporation ("BNY Mellon"). At the time the motion to dismiss was filed, BNY Mellon did not believe that service on it had been had been effected, and thus it did not join in the motion. While BNY Mellon was not one of the moving Defendants, the claims against it were the same as those dismissed against the other Defendants. Accordingly, the Court's dismissal of the Amended Complaint properly may include the dismissal of all claims against all remaining Defendants, including BNY Mellon. *See, e.g., Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (a district court may dismiss claims *sua sponte* for failure to state a claim as long as plaintiff had notice and an opportunity to be heard on the issue that forms the basis for the claims); *First Capital Asset Management, Inc. v. Brickellbush, Inc.*, 219 F. Supp. 2d 576, 580 (S.D.N.Y. 2002) (same). Indeed, "[i]t would be a waste of judicial resources to allow [a] legally defective claim, as to which plaintiff has been fully heard, to be pursued against [a non-moving defendant] just because [the non-moving defendant] has not yet moved to dismiss it." *Antidote Int'l Films, Inc. v. Bloomsbury Publ'g, PLC*, 467 F. Supp. 2d 394, 399 (S.D.N.Y. 2006).

   Accordingly, we respectfully request that the Court enter a final order dismissing the action with prejudice in a form similar to the attached proposed order.

                          Respectfully submitted,

                           Tracy Richelle High

(Enclosure)

cc:  All Counsel of Record (via e-mail)